Dear Mayor Congemi:
 1. May the City of Kenner call a referendum to amend its home rule charter and create a merit based civil service system? If not, can the Legislature pass an act authorizing such an amendment? Failing both of these options, could the Legislature pass an act creating a civil service plan for the City of Kenner?
 2. In considering an appropriate funding source for this civil service system, the City of Kenner may determine that a millage increase is needed in order to fund the system. Can this proposed millage increase be placed on the ballot together with the proposed charter amendment?
 3. If a petition for an election pursuant to Article X, § 14(A) was created and if the City of Kenner determines that a millage increase is necessary to fund that system, can the millage proposal be placed on the ballot together with the election for the proposed civil service system?
For the purposes of our discussion, it is assumed that the proposed civil service system will not include or affect fire or police civil service for the City of Kenner.
As you are well aware, the City of Kenner operates under a home rule charter. Article VI, § 14 of the Louisiana Constitution (1974) mandates:
 Every home rule charter or plan of government existing or adopted when this constitution is adopted shall remain in effect and may be amended, modified, or repealed as provided therein. Except as inconsistent with this constitution, each local governmental subdivision which adopted such a home rule charter or plan of government shall retain the powers, functions, and duties in effect when this constitution was adopted. If the charter permits, each of them also shall have the right to powers and functions granted to other local governmental subdivisions.
The City of Kenner's home rule charter went into effect on July 1, 1974, well in advance of the effective date of the Louisiana Constitution, December 31, 1974. Therefore, Kenner falls under the scope of this provision.
Article X, Part I, of the Louisiana Constitution provides for State and City Civil Service Systems. Section 14 of that Part allows for local option elections concerning the city civil service system provided therein. However, Article X, § 15 provides, in applicable part, as follows:
 Nothing in this Part shall prevent . . . the establishment by the legislature or by the respective municipal governing authority of a municipal civil service system in one or more municipalities having a population of less than four hundred thousand, in any manner now or hereafter provided by law. (Emphasis added.)
Your first issue is one of first impression for this office and raises some difficult concerns. The meaning and impact of the phrase, "as provided by law", has been the subject of some debate in this matter. A review of pertinent constitutional debates clearly establishes that legislative action was the sole intent of this provision. In other words, if no statutory directive presently exists in which a municipality may adopt its own civil service system, legislative action is required delineating the manner in which such a civil service system is established.
It has been argued that this authority is limited with regard to home rule charters by Article VI, § 6 which states, "[t]he legislature shall enact no law the effect of which changes or affects the structure and organization or the particular distribution and redistribution of powers and functions of any local governmental subdivision which operates under a home rule charter." While this provision generally applies to the Legislature's actions affecting home rule charters, Article X, § 15 is a more specific provision concerning municipal civil service. If any conflict exists between these two provisions, the more specific provision to the issue controls. Consequently, legislative action would be required in order for the City of Kenner to exercise any authority pursuant to Article X, § 15. However, no legislation has been enacted to this effect.
As a result, the only presently viable option is a civil service plan adopted pursuant to Article X, § 14 of the Louisiana Constitution. Therefore, the City of Kenner presently has limited constitutional authority to amend its charter by referendum pursuant to Article VI, § 14(A), unless the Legislature enables the municipality pursuant to Article X, § 15.
Your second question asks whether a proposed millage increase to fund the proposed civil service system may be placed on the ballot together with the proposed charter amendment. Assuming that this procedure would follow that in Article X, § 14, we direct you to Article VI, § 27 of the Louisiana Constitution pertains to this issue. Subsection (A), in pertinent part, states, "[m]illage rates may be increased in any municipality when approved by a majority of the electors voting thereon in an election held for that purpose."
Subsection (B) of that same Article mandates:
 When the millage increase is for other than general purposes, the proposition shall state the specific purpose or purposes for which the tax is to be levied and the length of time the tax is to remain in effect. All proceeds of the tax shall be used solely for the purpose or purposes set forth in the proposition.
Nothing in the Election Code prohibits such an arrangement. Therefore, following these constitutional directives, the City of Kenner may place a proposed millage increase for the funding of the civil service system at issue together with that proposal to the voters on the same ballot, provided that the specific purpose and effective time period of the millage increase is stated on the ballot.
Finally, you ask whether a millage proposal may be placed on the ballot together with the election for the proposed civil service system if a petition for an election pursuant to Article X, § 14(A) was created and the City of Kenner determines that a millage increase is necessary to fund that system.
Article X, § 14(A) provides for a local option election of certain municipalities for inclusion under the City Civil Service System provided by Article X of the Constitution and states:
 Each city having a population exceeding ten thousand but not exceeding four hundred thousand, each parish, and each parish governed jointly with one or more cities under a plan of government, having a population exceeding ten thousand, according to the latest official decennial federal census, may elect to be governed by this Part by a majority vote of its electors voting at an election held for that purpose. The election shall be ordered and held by the city, the parish, or the city-parish, as the case may be, upon (a) the adoption of an ordinance by the governing authority calling the election; or (b) the presentation to the governing authority of a petition calling for such an election signed by electors equal in number to five percent of the registered voters of the city, the parish, or the city-parish, as the case may be.
As stated by this office in Opinion Number 90-488, the City of Kenner is permitted to call an election on the proposed inclusion of that municipality under Article X's City Civil Service System pursuant to a petition signed by 5% of the qualified electors and presented to the governing authority to that effect. However, since this is an election pursuant to an initiative, the question on the ballot is restricted by the language of the petition. The authority to call the election as provided in Article X, § 14(A) is limited to the acceptance of the civil service system. Therefore, any question regarding a tax must be a separate issue on the ballot.
In conclusion, the City of Kenner may create a merit based municipal civil service system through the procedures provided in Article X, § 14 of the Constitution. However, any action taken by Kenner pursuant to Article X, § 15 must be established by legislation. Additionally, the City of Kenner may place a proposed millage increase for the funding of the civil service system at issue together with the system proposal on the same ballot, provided that the specific purpose and effective time period of the millage increase is stated on the ballot. Finally, if presentation to the city council is made by the electorate via petition pursuant to Article X, § 14, the question of the ballot is restricted to the language of the petition. If that petition does not include a directive concerning a millage, no proposed millage increase may be proposed together with that presented issue.
I trust this addresses your concerns. Please contact this office if you require further assistance.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ CARLOS M. FINALET, III Assistant Attorney General
RPI:CMF:glb
OPINION NUMBER 98-363
71-1-B — Municipalities — Home Rule Charters
Article VI, § 4 of the 1974 Louisiana Constitution Article X, § 14 (A) of the 1974 Louisiana Constitution Article X, § 15 of the 1974 Louisiana Constitution Article VI, § 6 of the 1974 Louisiana Constitution Article VI, § 27 of the 1974 Louisiana Constitution
The City of Kenner may create a merit based municipal civil service system through the procedures provided in Article X, § 14 of the Constitution. However, any action taken by Kenner pursuant to Article X, § 15 must be established by legislation. Additionally, the City of Kenner may place a proposed millage increase for the funding of the civil service system at issue together with the system proposal on the same ballot. However, if presentation to the city council is made by the electorate via petition pursuant to Article X, § 14, the question of the ballot is restricted to the language of the petition.
Mayor Louis L. Congemi Date Received: City of Kenner 1801 Williams Blvd. Date Released: Kenner, Louisiana 70062 CARLOS M. FINALET, III Assistant Attorney General